NICHOLAS M. WOOLDRIDGE
Nevada State Bar No.: 8732
WOOLDRIDGE LAW LTD.
400 SOUTH 7TH STREET, SUITE 400
LAS VEGAS, NV 89101
TELEPHONE: (702) 623-6362
FACSIMILE: (702) 359-8494
EMAIL: NICHOLAS@WOOLDRIDGELAWLV.COM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-CR-00143-RFB-BNW |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **SHAWN CONE** | |
| Defendant. | |

**Certification: This sentencing memorandum is timely filed**

The undersigned hereby submits this sentencing memorandum on behalf of Mr. Shawn Cone and urges this Court to sentence Mr. Cone to a term of five years' probation, to include home detention for the first eight (8) months as such a sentence is sufficient, but not greater than necessary to reflect the seriousness of the offense and the personal characteristics of Mr. Cone.

**DATED** this 29th day of April, 2024.

/s/ Nicholas Woodridge

Nicholas M. Wooldridge, Esq.
Wooldridge Law Ltd.
400 South 7th Street, 4th Floor
Las Vegas, NV 89101
nicholas@wooldridgelawlv.com
(702) 330-4645 Tel.
(702) 359-8494 Fax.

## PROCEDURAL HISTORY

On February 29, 2024, Mr. Shawn Cone accepted responsibility for the instant offense and pled guilty to one count of Threats Against Secret Service Protectees in violation of 18 U.S.C. § 879(a)(3) and two counts of Interstate Communications with a Threat to Injure in violation of 18 U.S.C. § 875(c) (ECF No. 23). The Guilty Plea arose from Mr. Cone's sending of threatening emails, Facebook messages, and phone calls to numerous political figures including President Joseph Biden (who was running for office at the time) and others.

The Guilty Plea Agreement contemplates a base offense level of 12, a multiple count adjustment of 3, for a total adjusted offense level of 15 (ECF No. 23, p. 8). The Guilty Plea Agreement indicates the parties' agreement of a joint recommendation that the court grant a two-level downward departure from the defendant's offense level, provided that the net offense level is 11 (after two points deduction for acceptance of responsibility) (ECF No. 23, p. 10). The parties further jointly recommend the court impose a sentence of five years of probation to include home detention for the first eight months (ECF No. 23, p. 10).

According to the Presentence Report, based upon a total offense level of 13, the advisory guideline provision sentence range is 12-18 months and is probationable (PSR p. 16). The Presentence Report recommends Mr. Cone be sentenced to a term of probation (PSR p. 19).

///

# ARGUMENT

I. **MR. SHAWN CONE SHOULD RECEIVED A DOWNWARD DEEPATURE AND BE SENTENCED TO A TERM OF FIVE (5) YEARS PROBATION, INCLUDING HOME DETENTION FOR THE FIRST EIGHT (8) MONTHS.**

For the reasons enunciated below, considering Mr. Cone's specific case and personal circumstances, he requests this Court sentence him to a term of five years probation, including home detention for the first eight months, as such a sentence is sufficient, but not more than necessary, to serve the ends of justice in this case.

**A. THE 18 U.S.C. § 3553(A) FACTORS DEMONSTRATE A SENTENCE OF FIVE YEARS PROBATION, INCLUDING THE FIRST EIGHT MONTHS AS HOME DETENTION, IS JUSTIFIED BY THE CIRCUMSTANCES OF THE CASE AND THE CHARACTERISTICS OF THE DEFENDANT.**

As the guidelines are merely advisory, sentencing courts are required to consider all of the factors provided in 18 U.SC. § 3553(a) when determining a sentence. *United States v. Booker*, 643 U.S. 220, 245-246 (2005). The Court "shall impose a sentence sufficient, but not greater than necessary" to comply with the purposes set forth in the statute.

18 U.SC. § 3553(a) provides factors to be considered in imposing a sentence:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court in determining the particular sentence to be imposed, shall consider - 1) the nature and circumstances of the offense and the history and characteristics of the defendant, 2) the need for the sentence imposed - a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

3

punishment for offense; b) to afford adequate deterrence to criminal conduct; c) to protect the public from further crimes of the defendant; and d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

The goal of sentencing is to "'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed... correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*quoting* 18 U.S.C. 3553(a)).

In this case, a sentence of five years probation, including the first eight months as home detention is appropriate given the case characteristics as well as Mr. Short's distinct personal characteristics to include his timely acceptance of responsibility, his extensive family support, his medical and mental health history and his lack of prior felony convictions.

### 1. The personal characteristics of Mr. Cone warrant a probationary sentence

Numerous personal characteristics modeled by Mr. Cone throughout his life demonstrate a downward variance and sentence of five years probation, including eight months of home detention, is warranted in this case. As noted by probation, there are numerous factors present in this case which warrant a variance and imposition of a non-guideline sentence:

> Cone has no known prior felony nor misdemeanor convictions; he is educated; has an extensive employment history; is loved and supported by his family; and has remained in compliance

4

with his Court-ordered conditions of release. Cone is a military veteran, who like many other veterans, has suffered with PTSD, depression, anxiety, insomnia, and suicidal ideations, along with several medical conditions, some of which unfortunately began during his military service. Despite Cone's attempts to seek therapy through the VA, his therapists were consistently changed, and he was prescribed various medications. Cone subsequently decided to seek his own therapy and began attending sessions with Dr. Jim Jobin. Unfortunately, his treatment (therapy and medication management) was interrupted when the country went into lockdown status due to the coronavirus pandemic. Cone believes that the combination of all these factors subsequently caused him to fall into a downward spiral and ultimately contributed to his commission of the instant offense. Given this along with the fact that Cone appears to have been living a law-abiding lifestyle prior to the instant offense and he has accepted a plea agreement in this case, it appears he has taken responsibility for his actions and suggests that he is less likely to recidivate.

*See* PSR p. 18.

Furthermore, Mr. Cone has accepted responsibility for his actions in this case. The actions of Mr. Cone however, do not describe who he is historically, but only who he was during his momentarily lapse in judgment.

### a. Mr. Cone has tremendous family and community support.

Mr. Cone has significant family and community support. He maintains weekly contact with his parents and his sister who are aware of the instant case and extremely supportive (PSR p. 11). Mr. Cone has two children (ages 24 and 18) with whom he maintains a relationship with.

As discussed above, Mr. Cone has extensive family and community support, is a valuable asset to society and thus, the requested sentence is warranted.

5

### b. Mr. Cone has valuable education and employment skills

Mr. Cone has a high school diploma, received advanced Army training, and earned his Army Medic certification (PSR p. 14). Mr. Cone also attended the Georgia State Peace Officer Academy earning certificates in Behavioral Health and Special Management as a Correctional Officer (PSR p. 14). Additionally, Mr. Cone holds a certificate in Radiation Safety/Radiographer and Safety and Risk Management (PSR p. 14).

Mr. Cone served in the United States Army from 1992-1995 earning the National Defense Service Medal, the Army Commendation Medal, and the Humanitarian Service Medal (PSR p. 15). From 2010 until 2012, Mr. Cone was employed as a defense contractor, from 2000 until 2006, he was employed with the Department of Defense (as a civilian) and from 1999 until 2000, he was employed with the Georgia Department of Corrections as a Correctional Officer. Mr. Cone's employment skills should further serve as a mitigating factor warranting the requested sentence.

### c. Mr. Cone has accepted responsibility

Mr. Cone has taken full responsibility for his actions in this case (*see generally* ECF No. 23). Mr. Cone in timely pleading guilty has acknowledged his actions and that those actions will result in him being sentenced by this Court.

As indicated in his interview with probation, Mr. Cone left Las Vegas in 2021 and embarked on a new spiritual journey which forced him to reevaluate his

perceptions of the world (PSR p. 8). In doing so, he has healed from his past experiences and is focused on dedicating his life to the service of others once again (PSR p. 8).

### d. Mr. Cone has no prior criminal history

Mr. Cone has no prior convictions, misdemeanor or otherwise. As a former service member of the United States Army, this is his first interactions with the criminal justice system. As a result, Mr. Cone has a criminal history score of zero (PSR p. 10). Notably, offenders like Mr. Cone with zero criminal history points have a rate of recidivism half that of offenders with one criminal history point. See United States Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing* Guidelines, p. 7, 23 (Exhibit 4) (May 2004).

Importantly, Mr. Cone was released on his own recognizance on September 6, 2023 and has been compliant with all conditions of release (PSR p. 2, 4)

### B. MR. CONE'S MEDICAL AND MENTAL HEALTH DIFFICULTIES

Mr. Cone acknowledges his actions in this case were unacceptable and he is remorseful. Mr. Cone does not attempt to minimize what he has done, however, submits his medical and mental health difficulties greatly contributed to the root cause of his actions in this case.

In 2019 and 2020, Mr. Cone suffered several medical issues, stemming from his kidneys which caused him continuous pain and suffering and sent him to a

7

"dark, dark place." (PSR p. 6; *see generally* Exhibit A[1]). Due to chronic kidney stones, Mr. Cone had three surgeries and an emergency appendectomy (PSR p. 8). Mr. Cone also has suffered with excruciating neck and back pain for an extensive amount of time (Exhibit A, p. 1-2, 7-8). Between 2019 and 2021, Mr. Cone described being at the "worst point in his life" battling depression, PTSD, suicidal ideation, and dealing with numerous medical surgeries (PSR p. 8). Mr. Cone had expressed to Veterans' Affairs physicians that he was "just existing" and sick of "feeling useless." (Exhibit A, p. 10). At one point, Mr. Cone reached a point where he contemplated suicide and was hospitalized at Southern Hills Hospital (PSR p. 6). Mr. Cone was on pain and psychological medications and had been attending therapy when the Covid-19 lockdown interrupted his progress. Through Veterans Affairs, Mr. Cone had been diagnosed with PTSD, Generalized Anxiety Disorder and Major Depressive Disorder and was receiving treatment between 2018 and 2020 (PSR p. 13; Exhibit A p. 1-9).

Mr. Cone believes that the combination of his medical issues (which caused him significant pain), and the consistent changes to his therapists and medications (which increased his anxiety and agitation), along with the interruption in his treatment during the Covid-19 pandemic, subsequently caused him to fall into a downward spiral and ultimately contributed to his commission of the instant

---

[1] Due to the sensitive nature of the medical records, a motion to file exhibits under seal has been submitted with this Memorandum. Within the exhibit are a summary of the physical and mental health ailments Mr. Cone has suffered.

offense. As Mr. Cone informed his Veterans' Affairs providers, he hoped his seeking medical/mental health treatment would improve his mental and emotion well-being (Exhibit A, p. 4). Mr. Cone has since continued taking his medications, regularly attended therapy and is in a much better place both physically and emotionally.

### C. THIS COURT SHOULD SENTENCE MR. CONE IN ACCORDANCE WITH THE AGREEMENT OF THE PARTIES.

A sentence that follows the terms of the plea agreement favors the strong public policy for plea agreements. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("finding that public policy strongly supports plea agreements…"). Plea agreements serve significant purposes that include saving the government time and resources and it results in finality. *Id.*

Mr. Cone has taken responsibility for his actions and pled guilty to the charged offenses, giving up numerous trial and appellate rights. In return, the parties entered into a plea agreement where Mr. Cone should be sentenced to a term of five years probation, including eight months home detention. The plea agreement contemplates the charges, Mr. Cone's history and background, and the other factors outlined in 18 U.S.C. § 3553(a). *See* ECF No. 23, p. 10. A sentence that follows the terms of the plea agreement avoids unwarranted sentencing disparity. 18 U.S.C. § 3553(a)(6). When the parties agree on a particular sentence—and then a different sentence is imposed—that chain of events create

disparities in the negotiation process and the sentencing of different individuals who the parties agree should receive similar treatment.

Here, the requested sentence results from negotiations by the parties after each weighed the strength and weaknesses of their case. Mr. Cone urges this Court to permit him the benefit of his bargain, to consider the arguments detailed above, and then sentence him to five years probation, including eight months home detention.

## CONCLUSION

In this case, a sentence of five years probation, including eight months home detention, serves the factors of 18 U.SC. § 3553(a) in that it is sufficient, but not greater than necessary to serve the ends of justice. As such, Mr. Cone respectfully requests this Court order a downward variance and impose the requested sentence.

**DATED** this 29th day of April, 2024.

/s/ Nicholas Woodridge

Nicholas M. Wooldridge, Esq.
Wooldridge Law Ltd.
400 South 7th Street, 4th Floor
Las Vegas, NV 89101
nicholas@wooldridgelawlv.com
(702) 330-4645Tel.
(702) 359-8494 Fax.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2024, I served a copy of the foregoing **Sentencing Memorandum** by U.S. District Court CM/ECF Electronic Filing, to:

Jacob.operskalski@usdoj.gov

*/s/ Melody Phommaly*
An employee of Wooldridge Law