JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
District of Nevada
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar Number 14746
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
jacob.operskalski@usdoj.gov
*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SHAWN CONE, <br><br> Defendant. | Case No.: 2:23-cr-00143-RFB-BNW <br><br> Government's Sentencing Memorandum and Response to Defendant's Sentencing Memorandum |

The United States of America hereby responds to the defendant's sentencing memorandum and the Presentence Investigation Report in the case against Shawn Cone (hereafter "the defendant"). For the reasons stated below, the Government recommends the Court accept the joint recommendation that was previously negotiated by the parties, and thereby sentence the defendant to five years of probation with eight months of home detention.

### I. Factual and Procedural Background

On June 2, 2020, the defendant sent then candidate (and former Vice President of the United States) Joseph Biden messages over social media saying: "Gonna hang every last one of you pedo scumbags!! STAY TUNED FUCKERS!!" and "Fuck you commie shitbags!! WE ARE COMING FOR YOU!!" ECF No. 23 at 6. The defendant's threats were not isolated, out of

1

character moments for the defendant. The threats followed a pattern of the defendant threatening violence using vile language against those whom he perceived to have violated his warped and delusional sense of justice.

On December 7, 2020, the defendant threatened a state court judge saying "I'm going to take this time to remind you, that the penalty for treason is DEATH MOTHERFUCKER!! YOU FUCKED UP BOY!" *Id*. He followed up with a voicemail asking about stealing elections and telling the judge: "Motherfucker, are you trying to steal our fucking elections, bitch? Do you have any idea how many fucking Patriots are gonna come for you, motherfucker? You deep-state, Obama-appointee, piece of shit. Your days are numbered, motherfucker. Treasonous shit bag." ECF No. 23 at 6. When interviewed by law enforcement officials, the defendant provided the ominous response that he was not willing or planning to kill anyone "at this time." PSR ¶ 11.

The defendant continued his disturbing, criminal pattern on April 16, 2021, by communicating with an individual over social media, saying: "You're DEAD MOTHERFUCKER!!"; "Better take your stupid Ass back to Iran you little bitch!!"; WE'RE COMING FOR YOU FUCK BOY!! COMING FOR YOUR SKULL BITCH [skull emoji]"; WE WILL FIND YOU!!"; and calling the victim "FAGGOT LITTLE BITCH!!" ECF No. 23 at 7.

On February 29, 2024, the defendant pleaded guilty pursuant to a plea agreement to one-count of Threats Against Secret Service Protectees, in violation of 18 U.S.C. § 879(a)(3) and two counts of Interstate Communications with a Threat to Injure, in violation of 18 U.S.C 875(c). ECF No. 23. Sentencing is currently scheduled for May 17, 2024.

## II.    Guideline Calculations

As stated at the change of plea hearing, the government intends to stand by and recommend the sentence proposed in the previously negotiated plea agreement. The

Government provides the applicable guideline calculations, and recommends the Court accept the accurately calculated guidelines, but then vary downward to the sentence that is being jointly recommended by the parties.

For Count One (Group One) pursuant to U.S.S.G. § 2A6.1(a), the Base Offense Level is 12. PSR ¶ 33. Because there was more than one threat, a 2-point enhancement applies. U.S.S.G. § 2A6.1(b)(2). The victim was, at the time, a former government officer or employee, so another 6-point enhancement applies. U.S.S.G. § 3A1.2(a) and (b). The resulting Offense Level is 20.

For Count Two (Group Two) pursuant to U.S.S.G. § 2A6.1(a), the Base Offense Level is 12. PSR ¶ 39. Although there appears to be more than one threat, focusing only on the email, there is an argument not to apply the 2-point enhancement pursuant to U.S.S.G. § 2A6.1(b)(2), so the government is not seeking to apply it.[1] The victim was a government officer or employee, so the 6-point enhancement applies. U.S.S.G. § 3A1.2(a) and (b). The resulting Offense Level is 18.

For Count Three (Group Three) pursuant to U.S.S.G. § 2A6.1(a), the Base Offense Level is also 12. PSR ¶ 45. Because there was more than one threat, the 2-point enhancement applies pursuant to U.S.S.G. § 2A6.1(b)(2). The resulting Offense Level is 14.

The highest Adjusted Offense Level is Group One with an offense level is 18; so one unit is applied to this group. U.S.S.G. § 3D1.4(a). Because the Adjusted Offense Level for Group Two is 4 levels less serious, one unit is applied to that group. *Id.* The Adjusted Offense level for Group Three is 6 levels less serious than the level for Group One, so one half-unit is

---

[1] This concession is limited only to the particular circumstances of this case and in light of what was previously negotiated.

applied to Group Three. Adding the units together, we get 2.5 units. Pursuant to U.S.S.G. § 3D1.4, 3 levels should be added to the highest adjusted offense level (Group One = 20) for a total of 23.

The PSR accurately subtracted two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a). PSR ¶ 56. Because the accurately combined Adjusted Offense Level is 23, which is higher than 16, the government anticipates moving for three levels off pursuant to U.S.S.G. § 3E1.1(a) and (b) (provided the defendant complies with the plea agreement).

In the plea agreement, the government agreed to advocate for a two-point downward departure or variance "provided that the net offense level (including any adjustment for acceptance of responsibility) is level 11." ECF No. 23 at 10. The Total Offense Level is 20. To stand by the spirit of the previously negotiated plea agreement, the government is recommending an 11-level downward variance.

The defendant is in Criminal History Category I, so the applicable sentencing range is 4-10 months.

**III.   Argument**

The government is recommending, limited to and based on the specific facts of this case, a sentence of 5 years of probation with 8 months of home confinement. This sentence is not greater than necessary to achieve the goals of sentencing.

**A. Seriousness of the offense**

Any case involving true threats to injure or kill others should be taken extremely seriously, and the facts of this case provide a disturbing example. The defendant intended to invoke fear in his victims with degrading, disgusting threats; and his victims who were subjected to those threats are not limited to those included in the Indictment. Rather than participating in government and public service legally and productively as he once did as a veteran, the defendant advocated for

4

his conspiracy theories and delusions by trying to scare people to act as he wished. Such actions have no place in a free society.

### B. The history and characteristics of the defendant

Paragraphs 9 – 25 of the PSR demonstrate that the charged threats in this case were a small sampling of the defendant's violent threats – this is how he responded to his grievances. Furthermore, the PSR notes how he minimized and partly justified his actions; saying "at the end of the day, yeah, these do add up, but I'm not hurting anybody. I'm not going to kill anybody. Nothing like that. Just a tremendous amount of frustration that I feel." PSR ¶ 25. He added that "it was a message" as he was trying to change people's behavior. *Id*.

What the defendant failed to recognize is that threats like these hurt people in significant ways. Furthermore, the defendant had earlier claimed that he "backed the blue." PSR ¶ 11. His comment appears to reference his alleged support for law enforcement, so it is important to note the massive strain on law enforcement officials caused by threats like his. Law enforcement officials are required to investigate threats of violence – there is no way of definitively differentiating between subjects who may be venting frustrations and others who are actively planning to commit the next mass shooting or bomb a crowded public setting. Accordingly, a massive amount of resources is spent investigating violent threats just like the defendant's. The defendant should be reminded of this as he begins the sentence imposed.

### C. A further downward departure or variance is not warranted.

If the Court accepts the recommended sentence, the defendant will receive an extremely lenient sentence. An accurately calculated guideline sentence, even taking into account acceptance of responsibility, would have resulted in a guideline range of 33 – 41 months; 5 years of probation and 8 months home confinement is well below that range.

There are facts supporting this lenient sentence in this particular case. The defendant is a

veteran who has clearly struggled with mental health and inadequate treatment. Accordingly, the government supports giving him an opportunity to succeed while on probation with a mental health condition. The government hopes that the sentence imposed will serve as a deterrent, and that resources provided by the United States Probation Office will serve to place him on a positive trajectory.

It bears noting, and defendant should be made aware, that based on the severity of his crimes, if the defendant violates the conditions of his probation, it is unlikely that the government will recommend the sort of leniency being recommended at this time.

### IV. Conclusion

The government requests that the Court impose the recommended 5-year term of probation with 8 months of home detention.

DATED this May 14, 2024.

Respectfully submitted,

For the United States:

JASON FRIERSON
United States Attorney

*/s/ Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney